Matter of E.A.C.S. (2024 NY Slip Op 24186)

[*1]

Matter of E.A.C.S.

2024 NY Slip Op 24186

Decided on June 18, 2024

Civil Court Of The City Of New York, New York County

Zellan, J.

Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.

This opinion is uncorrected and subject to revision before publication in the printed Official Reports.

Decided on June 18, 2024
Civil Court of the City of New York, New York County

In the Matter of the Application of E.A.C.S. For Leave to Change Their Name

Index No. NC-000284-24/NY

New York Legal Assistance Group (Lara Russo, of counsel) of New York, NY, for petitioner

Jeffrey S. Zellan, J.

Recitation, as required by CPLR 2219(a), of the papers considered in the review of this petition:
Papers Numbered
Petition and
Affidavits /Affirmations annexed 1
February Supplemental Papers 2
May Supplementals Papers 3
Petitioner seeks leave to change her name.[FN1]
The petition is GRANTED.
"While a court's authority to review an application for a name change is limited, the [C]ourt is not a mere rubber stamp and need only grant such an application if satisfied of the truth of the petition, including the accuracy of the pertinent background and pedigree information required to be disclosed therein." Matter of Beals, 40 Misc 3d 61, 62 (App. Term, 1st Dept. 2013) (affirming denial of petition that did not include proof of residency without prejudice); see also, In re Jean, Index No. NC-467-19/BX, 2019 NYLJ LEXIS 4029, *3 (Civ. Ct., Bronx Co. Oct. 4, 2019) (citing Beals and holding that "[o]nce an individual submits him or herself in seeking the Court's permission for a name change, the individual is subject to the court's discretion in granting said request"). Petitioners seeking leave to change their name are required to submit certified copies of their birth certificates or passports. See, N.Y.S. Unified Ct. Sys., Find the Help You Need to Represent Yourself in NY Courts: Proof of Birth (last accessed Mar. 5, 2024); and Matter of Beals, 40 Misc 3d 61, 62 (App. Term, 1st Dept. 2013 (affirming court policy requiring copies of birth certificates or their equivalents). 
Upon review of petitioner's initial submissions, the Court issued an Interim Order dated March 8, 2014 (the "March Decision") adjourning the petition "for petitioner to submit supplemental papers including a copy of petitioner's birth certificate certified in compliance with CPLR 4542, alternative proof of birth in admissible form, or evidence and argument why petitioner should be excused from the requirements of CPLR 4542 in considering petitioner's [*2]birth certificate." March Decision, at 2, citing, N.Y.S. Unified Ct. Sys., Find the Help You Need to Represent Yourself in NY Courts: Proof of Birth, https://www.nycourts.gov/courthelp/namechange/proof.shtml (last accessed May 29, 2024). In response to the March Decision, on May 29, 2024, pro bono counsel from New York Lawyers Assistance Group ("NYLAG"), on behalf of petitioner, filed an attorney affirmation and memorandum of law, as well as an affidavit of translation, in further support of petitioner's application. 
In appropriate circumstances and upon good cause shown, the Court may excuse consular legalization or apostille in admitting documents. See, e.g., Estate of Greta Garbo, NYLJ, Jul. 31, 1991, 1991 NYLJ LEXIS 6302, *1 n. 1 (Sur. Ct., New York Co. 1991); and Peters v. UBS Trustees (Bahamas) Ltd., 2018 NY Slip Op 31644(U), *7-8 (Sup. Ct., New York Co. 2018) (discussing standard for excusing consular legalization). Taking into account the totality of the circumstances, including an attorney affirmation supporting the veracity of the documentation, a sworn affidavit of translation, the specific circumstances and challenges of this applicant as a transgender asylum seeker from a country that currently has no embassy or consulate in the United States, in combination with the uncertified but otherwise apparently officially stamped copy of a purported birth certificate from the country from which the applicant is seeking asylum, the Court is satisfied that petitioner has shown good cause to excuse otherwise required consular legalization or apostille and that "the name change will not be a source of fraud, evasion or interference with the rights of others." Matter of D.C.S., 68 Misc 3d 663, 667 (Sup. Ct., St. Lawrence Co. 2020) (quotation omitted); see also, Application of O.E.R.F., Index No. NC-2367-23/NY, slip op. (Civ. Ct., New York Co. Sept. 25, 2023); Application of J.L.B.B., Index No. NC-2524-23/NY, slip op. (Civ. Ct., New York Co. Oct. 16, 2023), amended and record sealed, slip op., at *1 (Civ. Ct., New York Co. Oct. 18, 2023); and Application of N.E.U.-S., Index No. NC-194-24/NY, slip op. (Civ. Ct., New York Co. Jan. 25, 2024) (Ally, J.).
Accordingly, it is
ORDERED that petitioner's application for an order pursuant to Civil Rights Law § 63 is GRANTED.
This constitutes the Decision and Order of the Court.
Date: June 18, 2024
________________
Hon. Jeffrey S. Zellan, J.C.C.

Footnotes

Footnote 1:The Court refers to petitioner with her pronouns as indicated in her supporting papers. (Mem. of Law, at 2).